**No. 26-5818**

**IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

REGENT INSURANCE COMPANY, and
GENERAL CASUALTY COMPANY OF WISCONSIN,

*Petitioners*,

*v.*

CAMBRIA ENTERPRISES, et al.,

*Respondents.*

On Petition for Permission to Appeal from the
United States District Court for the Central District of California
The Honorable Monica Ramírez Almadani, District Judge

# REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL UNDER 28 U.S.C. § 1292(b)

PATRICK J. HAYDEN
COOLEY LLP
55 Hudson Yards
New York, NY 10001

ELIZABETH B. PRELOGAR
*Counsel of Record*
ANNA O. MOHAN
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004
(202) 842-7800
eprelogar@cooley.com

*Counsel for Petitioners Regent Insurance Company and General Casualty Company of Wisconsin*
*(Additional counsel listed on inside cover)*

JOHN DELASCIO
GAR N. LAUERMAN
HINSHAW & CULBERTSON LLP
151 N. Franklin Street,
Suite 2500
Chicago, IL 60606

DAVID T. HAYEK
HINSHAW & CULBERTSON LLP
350 S. Grand Avenue,
Suite 3600
Los Angeles, CA 90071

*Counsel for Petitioners Regent Insurance Company and General Casualty Company of Wisconsin*

## TABLE OF CONTENTS

**Page**


INTRODUCTION .......... 1

ARGUMENT .......... 3

I. The Order Involves Controlling Questions of Law. .......... 3

II. There Is Substantial Ground for a Difference of Opinion. .......... 6

A. Reasonable Jurists Could Conclude that the Silica Exclusions' Plain Language Bars Coverage. .......... 6

B. Reasonable Jurists Could Conclude that the Concurrent Cause Doctrine Does Not Apply .......... 11

III. An Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation. .......... 13

IV. This Court Should Exercise Its Discretion to Certify the Appeal. .......... 14

CONCLUSION .......... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahrenholz v. Board of Trs. of Univ. of Ill.*,
219 F.3d 674 (7th Cir. 2000) .......... 3, 4

*California v. Allstate Insurance Co.*,
45 Cal. 4th 1008 (2009) .......... 12

*Eloise Holdings, LLC v. Mt. Hawley Ins. Co.*,
2025 WL 764374 (S.D.N.Y. Mar. 11, 2025) .......... 7

*Garvey v. State Farm Fire & Cas. Co.*,
48 Cal. 3d 395 (1989) .......... 11

*Hanover Am. Ins. Co. v. Francini, Inc.*,
2025 WL 1090925 (C.D. Cal. Mar. 27, 2025) .......... 10

*Horace Mann Insurance Co. v. Barbara B.*,
4 Cal. 4th 1076 (1993) .......... 9

*ICTSI Or., Inc. v. ILWU*,
22 F.4th 1125 (9th Cir. 2022) .......... 3

*Julian v. Hartford Underwriters Ins. Co.*,
35 Cal. 4th 747 (2005) .......... 7

*Klinghoffer v. S.N.C. Achille*,
921 F.2d 21 (2d Cir. 1990) .......... 14

*Lewis v. Government Emps. Ins. Co.*,
458 F. Supp. 3d 1214 (S.D. Cal. 2020) .......... 8

*Liberty Mut. Fire Ins. Co. v. LX Hausys Am., Inc.*,
2026 WL 904224 (C.D. Cal. Mar. 31, 2026) .......... 12

*Mid-Continent Cas. Co. v. Union Ins. Co.*,
445 F. App'x 133 (10th Cir. 2011) .......... 8

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Nationwide Prop. & Cas. Ins. Co. v. Hampton Ct., L.P.*,
754 F. Supp. 3d 1349 (N.D. Ga. 2024) .......... 7

*Pension Trust Fund for Operating Eng'rs v. Federal Ins. Co.*,
307 F.3d 944 (9th Cir. 2002) .......... 10

*Reese v. BP Expl. (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) .......... 10, 14

*Sateriale v. RJ Reynolds Tobacco Co.*,
2015 WL 3767424 (C.D. Cal. June 17, 2015) .......... 4

*Sompo American Insurance Co. v. LX Hausys America, Inc.*,
2025 WL 4061607 (C.D. Cal. Dec. 22, 2025) .......... 13

*State Farm Mut. Auto. Ins. Co. v. Partridge*,
10 Cal. 3d 94 (1973) .......... 11

*Ward v. Safeco Ins. Co. of Am.*,
58 F.4th 1301 (9th Cir. 2023) .......... 8, 9

*Williams v. Alameda Cnty.*,
657 F. Supp. 3d 1250 (N.D. Cal. 2023) .......... 3

**Statutes**

28 U.S.C. § 1292(b) .......... 10, 14

**Other Authorities**

7 Couch on Ins. § 101:57 .......... 6

## INTRODUCTION

Cambria does not meaningfully engage with the reasons why—as the district court itself recognized—interlocutory review is warranted in this case. Cambria largely elides the critical legal questions presented here—namely, whether the express terms of a policy exclusion that applies whenever an excluded cause contributes in any way ("in whole or in part") to injury preclude coverage, notwithstanding the doctrine of concurrent cause. And Cambria never disputes that the answer to that question is dispositive in this case and many others the district court certified for this Court's review: if these silica exclusions are enforced by their terms, coverage is barred and the litigation ends—with enormous consequences for more than 600 pending silica lawsuits. The district court was right to recognize that "appellate resolution" is warranted now.

Cambria seeks to deflect by contending the answers to these threshold legal questions are "well-established" and framing the district court's order as factbound. Cambria is wrong twice over. The parties contest the legal questions of whether an exclusion that unambiguously overrides the concurrent cause doctrine must be enforced by its terms, or whether that judge-made doctrine should instead displace the exclusion's

language and require coverage when excluded and covered causes both contribute to causing injury. Those questions have produced different outcomes before the district court and divided courts across the country—with many concluding that similar "anti-concurrent-cause" provisions bar coverage when multiple causes are alleged. The factual allegations, by contrast, are clear: the underlying complaints all assert silica-related injuries, and to the extent they assert exposure to non-silica substances, it is only in combination with silica. Since those allegations must be accepted as true, this Court may quickly and cleanly resolve the controlling legal questions without wading into a factual record.

As the district court recognized in asking this Court to weigh in, resolution of these threshold legal questions now will bring much-needed clarity to many coverage actions pending in this Circuit and the hundreds of silica cases they implicate—conserving party and judicial resources, while also providing guidance on the proper interpretation of similar provisions routinely found in insurance contracts. This Court should grant the petition and reverse.

# ARGUMENT

## I. The Order Involves Controlling Questions of Law.

The district court's order implicates recurring and important questions about plain text policy interpretation and judicially created equitable doctrines. The resolution of those questions will determine whether Cambria's policies—and countless others like them—provide the potential for coverage and thus trigger a duty to defend. Pet. 12-14.

Cambria argues (at 4-9) that these are not "questions of law" appropriate for interlocutory review, but its cited cases demonstrate otherwise. Those cases recognize interlocutory review can be warranted to resolve "a 'pure legal question,'" even when it is "coupled" with a "mixed question of law and fact." *Williams v. Alameda Cnty.*, 657 F. Supp. 3d 1250, 1254 (N.D. Cal. 2023) (citations omitted). A pure question of law is one that involves "the meaning of a statutory or constitutional provision, regulation, or common law doctrine" and can be "decide[d] quickly and cleanly without having to study the record." *Ahrenholz v. Board of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000); *see ICTSI Or., Inc. v. ILWU,* 22 F.4th 1125, 1132 (9th Cir. 2022) (question whether

the court correctly interpreted precedent when assigning burdens was a question of law).

Here, the question whether petitioners owe a duty to defend implicates two "pure" legal questions about "common law doctrine," *Ahrenholz*, 219 F.3d at 676—namely, whether anti-concurrent-cause language must be enforced to bar coverage when non-excluded causes are alleged only in combination with an excluded cause, and whether the judge-made concurrent cause doctrine can overcome that exclusion in the absence of two independent causes of injury. These questions have "general relevance," *Sateriale v. RJ Reynolds Tobacco Co.*, 2015 WL 3767424, at *2 (C.D. Cal. June 17, 2015) (citation omitted), not only for the hundreds of pending silica lawsuits but also for any cases involving the potential tension between judicially created equitable doctrines and the text of parties' agreements.

This Court need not study the underlying complaints or policies to answer these questions. *Contra* Answer 6-7. The appeal implicates only one exclusion in each policy. And the interpretive questions stemming from the policy text can be resolved "quickly and cleanly" through analysis of precedent and first principles. *Ahrenholz*, 219 F.3d at 677.

Cambria is also wrong to suggest that these legal questions implicate disputed issues of fact about the cause of the underlying plaintiffs' injuries. *See* Answer 10-12. The silica exclusions bar coverage for bodily injury "arising, in whole or in part, out of . . . *alleged* . . . inhalation of, [or] ingestion of," "'silica' or 'silica-related dust.'" ADD3-4, 7 (emphasis added) (citation omitted). As the district court explained, "[a]ll [the] stone products" at issue in the underlying lawsuits "contain crystalline silica in varying concentrations," ADD2 (quoting D. Ct. Dkt. 79-2 ¶ 93), and the complaints "uniformly allege[]" exposure to non-silica substances "in combination with silica," ADD14. And the underlying plaintiffs seek to recover for silicosis and "other silica-related diseases" that, by definition, are caused by silica exposure. ADD3 (quoting D. Ct. Dkt. 79-2 ¶ 112). The complaints thus clearly allege that silica was a "substantial factor" in causing the plaintiffs' injury and that any exposure to non-silica substances occurred alongside exposure to silica or silica dust. *Id.* (citation omitted). The only question is whether the silica exclusions must be enforced to preclude coverage in those circumstances.

Nor have petitioners raised "undeveloped fact issues" by recognizing the uncontroversial proposition that anti-concurrent-cause language is designed to resolve coverage disputes where excluded and non-excluded causes contribute to an injury. Answer 7-9; *see* 7 Couch on Ins. § 101:57. This Court need not examine evidence of the parties' intent to make that determination—the plain text alone compels the conclusion that the policies preclude coverage where, as here, the injury is caused "in whole or in part" by silica.

## II. There Is Substantial Ground for a Difference of Opinion.

### A. Reasonable Jurists Could Conclude that the Silica Exclusions' Plain Language Bars Coverage.

Disclaiming any room for debate on the certified question, Cambria retreats from the core legal issue in this case: whether a policy exclusion's use of the phrase "in whole or in part" must be read to preclude coverage when an excluded cause is a source of injury, even if other causes are present. *See* Pet. 15-21. Cambria relies instead on the non-textual, judge-made doctrine of concurrent cause, but its arguments confirm that reasonable jurists could disagree as to the district court's reading and application of the exclusions' terms. *See* Answer 9-22.

As petitioners have explained, there are strong arguments that California law allows parties to allocate risk and responsibility given the possibility of concurrent causes to bar coverage when a specific cause is alleged to be one of several factors causing injury. *See* Pet. 15-20; *see also* *Julian v. Hartford Underwriters Ins. Co.*, 35 Cal. 4th 747, 750, 754, 759-61 (2005). A reasonable jurist could determine that such anti-concurrent-cause language here does what it says—precluding coverage when silica or silica-related substances contribute "in whole or in part" to injury, even if other substances likewise contributed.

Cambria responds (at 16-18) that petitioners "fail[ed]" to use "[a]nti-concurrent-causation language" because other exclusions addressing concurrent cause are worded differently. But no magic words are required to override the doctrine of concurrent cause, and courts routinely find language similar to the exclusions here sufficient. *See, e.g.*, *Eloise Holdings, LLC v. Mt. Hawley Ins. Co.*, 2025 WL 764374, at *6-7 (S.D.N.Y. Mar. 11, 2025) (coverage barred where exclusion applied to "any loss or damage, caused in whole or in part, directly or indirectly by, resulting from, contributed to or made worse by" specific factors (citation omitted)); *Nationwide Prop. & Cas. Ins. Co. v. Hampton Ct., L.P.*, 754 F.

Supp. 3d 1349, 1355-56 (N.D. Ga. 2024) (same where "allegations—that [an excluded cause] at least in part caused Decedent's bodily injury—unambiguously exclude the incident from coverage"); *cf. Mid-Continent Cas. Co. v. Union Ins. Co.*, 445 F. App'x 133, 138 (10th Cir. 2011) (holding that exception applied for bodily injury "caused, in whole or *in part*" by subcontractor, whose actions "were at least a partial cause of . . . injuries"). And if "in whole or in part" is *not* about concurrent cause, Cambria nowhere explains what this language does or how it should be enforced—a clear violation of the rule that courts "should give effect to every provision" of an insurance policy, as "an interpretation which renders part of the instrument to be surplusage should be avoided." *Lewis v. Government Emps. Ins. Co.*, 458 F. Supp. 3d 1214, 1218 (S.D. Cal. 2020) (citation omitted).

Cambria acknowledges that this Court has already recognized the enforcement of anti-concurrent-cause provisions as a "recurring issue[] of law that implicate[s] important public policy concerns." *Ward v. Safeco Ins. Co. of Am.*, 58 F.4th 1301, 1304 (9th Cir. 2023); *see* Pet. 19-20. Cambria correctly notes (at 17 n.4) that *Ward* certified the question of whether to enforce "an anti-concurrent cause ('ACC') clause" to the

Supreme Court of Montana, but it did so precisely because courts across the country had resolved this "determinative" and "importan[t]" legal issue differently—which only confirms this Court's review is warranted here. *Ward*, 58 F.4th at 1303-04.

Cambria also claims (at 12-13) that these questions are "irrelevant" because an insurer owes a duty to defend whenever "there is *any* potential for liability under the policy." But the cases Cambria cites do not involve exclusions with anti-concurrent-cause language and thus do not address the legal question this case presents. And the primary case Cambria cites—*Horace Mann Insurance Co. v. Barbara B.*, 4 Cal. 4th 1076 (1993)—is distinguishable for other reasons. In *Horace Mann*, there was "potential" for coverage because the underlying plaintiff alleged entirely separate injuries from an excluded cause (molestation) and a non-excluded cause (public embarrassment), each of which "affected a different interest." *Id.* at 1085. Here, by contrast, the underlying plaintiffs allege injuries from "silicosis" and "other silica-related diseases," ADD3, and exposure to non-silica substances is "uniformly

alleged in combination with silica," ADD14. That leaves no "potential for coverage" in this case.[1]

Cambria's effort to downplay the district court's own conflicting decisions in applying the silica exclusions is likewise unavailing. *See* Answer 18-19 (discussing *Hanover Am. Ins. Co. v. Francini, Inc.*, 2025 WL 1090925, at *5 (C.D. Cal. Mar. 27, 2025)). Cambria claims the district court's initial determination in *Hanover* "is not good law" because the court subsequently reached a different conclusion when ruling on a motion for judgment on the pleadings. But the Section 1292(b) question is not whether the court's more recent view is correct; it is whether "fair-minded jurists might reach contradictory conclusions" on the issue. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). The answer is yes: as the district court put it in certifying this case for interlocutory review, petitioners have presented "compelling arguments" that "fair-minded jurists" may accept. ADD26 (citation omitted).

---

[1] Cambria also cites (at 12) general language about the duty to defend in *Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*, 307 F.3d 944 (9th Cir. 2002), but that case did not involve a policy exclusion—let alone one with anti-concurrent-cause language.

### B. Reasonable Jurists Could Conclude that the Concurrent Cause Doctrine Does Not Apply.

Even if the express terms of the silica exclusions did not control, there remains ample room to disagree with the district court's determination that the doctrine of concurrent cause applies in this case. *See* Pet. 21-24.

Cambria describes the application of this doctrine as "settled," Answer 14, but does not dispute that, since *Partridge* was decided, the California Supreme Court has limited the doctrine to "cases in which true concurrent causes, each originating from an *independent* act of negligence, simultaneously join together to produce injury." *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 399 (1989) (emphasis added); *see* Pet. 21. And Cambria ignores a critical qualification *Partridge* itself provided: there, the exclusion's language gave "absolutely no indication that coverage . . . is to be withdrawn whenever an excluded risk constitutes an additional cause of the injury"—language the silica exclusions plainly provide. *Partridge*, 10 Cal. 3d at 103 n.9. The concurrent cause doctrine thus cannot apply unless there are two

*independent* causes—and it is unavailable when parties contract around it.[2]

Cambria is also wrong to suggest (at 20) that a "host of opinions" in other cases involving silica exclusions eliminates the grounds for disagreement. All but two of the decisions Cambria cites were issued by the judge in this case—who certified each one for interlocutory review. That leaves only the pair of cases considering the same underlying complaint, which confirm the grounds for reasonable debate here. Answer 20 (citing *Sompo American Insurance Co. v. LX Hausys America, Inc.*, 2025 WL 4061607, at *4 (C.D. Cal. Dec. 22, 2025), and *Liberty Mut. Fire Ins. Co. v. LX Hausys Am., Inc.*, 2026 WL 904224, at *14 (C.D. Cal. Mar. 31, 2026)). In *Sompo*, the court determined that the allegations "not only concern[ed] liability for bodily injury caused by exposure to silica, but also for bodily injury caused by exposure to . . . products that contain[ed] no silica" whatsoever. *Sompo*, 2025 WL 4061607, at *1. Here, in contrast, "[a]ll [the] stone products" at issue "contain crystalline silica

---

[2] Cambria's reliance (at 21-22) on *California v. Allstate Insurance Co.*, 45 Cal. 4th 1008 (2009) is misplaced, as that case did not consider a policy exclusion that expressly contemplated concurrent causes. *See* 45 Cal. 4th at 1029-31.

in varying concentrations," ADD2, and exposure to non-silica substances is "uniformly alleged in combination with silica," ADD14; *see also* ADD3 ("Each of Defendants' stone products contained silica and toxic metals." (citation omitted)). And to the extent there is disagreement in the district courts, that only confirms the need for this Court's review.[3]

## III. An Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation.

An immediate appeal will materially advance the ultimate termination of this litigation. *See* Pet. 24-25. If this Court concludes that the silica exclusions preclude coverage and that the concurrent cause doctrine cannot override their terms, there is no duty to defend and no further issues to resolve.

Cambria does not meaningfully dispute these points. Instead, Cambria observes (at 23) that the other insurers have also sought interlocutory appeal, but that only confirms that interlocutory review of

---

[3] Indeed, *Liberty Mutual* resolved the coverage issue differently than *Sompo*, finding the exclusion inapplicable because its language was "ambiguous," even if the underlying complaint *did* allege all products contained silica. 2026 WL 904224, at *10-11 & n.5. That divergence in reasoning—in two cases considering the same underlying complaint—only underscores the grounds to debate the pure legal issue of the exclusions' scope.

the district court's order is warranted. *Cf. Klinghoffer v. S.N.C. Achille*, 921 F.2d 21, 24 (2d Cir. 1990). Resolution of the issues presented will also necessarily affect the other insurers, as every claim and counterclaim in this action relates to whether the plain text of the policies provides coverage for the silica lawsuits. *Contra* Answer 23. In any event, a decision on interlocutory appeal need "not conclusively resolve every claim against every defendant." ADD27. That any "decision 'may' affect several defendants and claims . . . is 'sufficient to advance materially the litigation.'" *Id.* (quoting *Reese*, 643 F.3d at 688).

## IV. This Court Should Exercise Its Discretion to Certify the Appeal.

Cambria repeats the same flawed arguments in urging this Court to exercise its discretion to deny the petition, notwithstanding the Section 1292(b) factors. But Cambria provides no basis to question the exceptional importance of these issues, given the more than 600 currently pending cases—all involving similar policies and implicating the same threshold legal questions. Pet 26-27. As the district court emphasized in urging this Court's intervention, "appellate resolution" is justified now. ADD27.

## CONCLUSION

Regent and General Casualty respectfully request that the Court grant permission to appeal under 28 U.S.C. § 1292(b).

Dated: September 24, 2026

Respectfully submitted,

*/s/ Elizabeth B. Prelogar*

ELIZABETH B. PRELOGAR
ANNA O. MOHAN
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004
(202) 842-7800
eprelogar@cooley.com

PATRICK J. HAYDEN
COOLEY LLP
55 Hudson Yards
New York, NY 10001

JOHN DELASCIO
GAR N. LAUERMAN
HINSHAW & CULBERTSON LLP
151 N. Franklin Street,
Suite 2500
Chicago, IL 60606

DAVID T. HAYEK
HINSHAW & CULBERTSON LLP
350 S. Grand Avenue,
Suite 3600
Los Angeles, CA 90071

*Counsel for Petitioners Regent Insurance Company and General Casualty Company of Wisconsin*

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limit of Ninth Circuit Rules 5-2(b) and 32-3(2) because it contains 2,691 words, excluding the parts exempted by Fed. R. App. P. 5(c) and 32(f).

I also certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook.

Dated: September 24, 2026

*/s/ Elizabeth B. Prelogar*
Elizabeth B. Prelogar

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 24, 2026, I electronically filed the foregoing Reply in Support of Petition for Permission to Appeal Under 28 U.S.C. § 1292(b) with the United States Court of Appeals for the Ninth Circuit using the Court's electronic filing system, which will serve copies on all registered counsel.

Dated: September 24, 2026

*/s/ Elizabeth B. Prelogar*
Elizabeth B. Prelogar